IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DUSTIN BARKER,**

    **Plaintiff,**

                                                Case No. 2:21-cv-4987
                                                Judge Sarah D. Morrison
    v.                                             Magistrate Judge Elizabeth P. Deavers

**MUSKINGUM COUNTY JAIL,** *et al.***,**

    **Defendants.**

### ORDER AND REPORT AND RECOMMENDATION

On October 7, 2021, Plaintiff Dustin Edwin Barker commenced this action as the sole named Plaintiff but failed to pay the requisite $350 filing and administrative fee. (ECF No. 1.) On October 26, 2021, the Court granted Plaintiff Barker leave to proceed *in format pauperis*. (ECF No. 4.) On October 28, 2021, Plaintiff Barker and Plaintiffs DeAngelo Dewon Tellis, Jamie Lee Mayle, Joseph Moore, Michael Robert Corsey, Channing Goins, and Michael Morrow filed an Amended Complaint, but failed to pay the requisite $350 filing and administrative fee. (ECF No. 8.) On November 4, 2021, the Court ordered Plaintiffs Tellis, Mayle, Moore, Corsey, Goins, and Morrow to submit either the filing fee or applications for leave to proceed *in forma pauperis*. (ECF No. 9.) Since that time, only Plaintiff Morrow submitted an application for leave to proceed *in forma pauperis*, and none of the other Plaintiffs submitted a filing fee. (ECF No. 11.)

Plaintiff Morrow's request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. Plaintiff Morrow's application includes a letter from the Muskingum County Sheriff's Office, dated October 22, 2021, which reveals that Plaintiff's

commissary account balance as of October 21, 2021 was $117.18, which is insufficient to pay the full filing fee. (ECF No. 11 at PAGEID ## 69-76.) It is therefore **ORDERED** that Plaintiff Morrow be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Muskingum County Jail cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

Accordingly, Plaintiffs Barker and Morrow shall each be apportioned **ONE-HALF (1/2)** of the requisite $350 filing and administrative fee, which computes to $175.00 per Plaintiff.[1] Pursuant to 28 U.S.C. § 1915(b)(1), the custodians of Plaintiffs' inmate trust accounts at the Muskingum County Jail are **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust accounts or the average monthly balance in the inmate trust accounts, for the six months immediately preceding the filing of the Complaint.

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The Plaintiff's name and this case number must be included on each check.

---

[1] Plaintiffs Barker and Morrow are again **ADVISED** that they must each personally sign every document filed in this Court bearing their signatures and that the Court will strike any future filings that are applicable to this litigation unless **ALL** Plaintiffs have signed the document. (*See* ECF No. 13 at PAGEID # 92 n.1.)

Finally, Plaintiffs Tellis, Mayle, Moore, Corsey, and Goins have failed to submit applications for leave to proceed *in forma pauperis*.  In the Court's November 4, 2021 Order, the Court warned Plaintiffs that "[i]f Plaintiffs do not comply with this Order, the Court is required to assume that Plaintiffs are not paupers, and it will:  (1) assess Plaintiffs Tellis, Mayle, Moore, Corsey, and Goins the full amount of the filing fee; (2) dismiss the case for want of prosecution; and (3) not reinstate the case to the Court's active docket even if the filing fee is then paid in full."  (ECF No. 9 at PAGEID # 61.)  Accordingly, it is **RECOMMENDED** that the Court:  (1) assess Plaintiffs Tellis, Mayle, Moore, Corsey, and Goins the full amount of the filing fee; (2) dismiss the case for want of prosecution; and (3) not reinstate the case to the Court's active docket even if the filing fee is then paid in full.  *See In re Prison Litig. Reform Act*, 105 F.3d at 1132.

The Court will conduct an initial screening of the Amended Complaint under 28 U.S.C. § 1915A as soon as practicable to determine whether any claims are subject to dismissal as frivolous, malicious, failing to state a claim, or because the Amended Complaint seeks monetary relief from a Defendant who is immune from such relief.  The Court will then enter an appropriate order and, if appropriate, direct service of summons and complaint on Defendants.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date:   December 16, 2021                     /s/ *Elizabeth A. Preston Deavers*
                                              Elizabeth A. Preston Deavers
                                              United States Magistrate Judge