IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DUSTIN EDWIN BARKER**, *et al.*,

    **Plaintiffs**,

    v.                                             Case No.  2:21-cv-4987
                                                          Judge Sarah D. Morrison
**MUSKINGUM COUNTY JAIL**, *et al.*,     Magistrate Elizabeth P. Deavers

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiffs Dustin Edwin Barker and Michael Morrow, proceeding without the assistance of counsel, bring this civil rights action under 42 U.S.C. § 1983.  (ECF Nos. 1-1, 8.)  Plaintiffs seek compensatory damages and injunctive relief related to their pretrial detention at the Muskingum County Jail.  (*Id.*)  On March 21, 2022, the Undersigned issued a Report and Recommendation recommending that Plaintiffs be permitted to pursue their claims arising from Defendant Muskingum County Jail's alleged "strip naked" policy, but that the remainder of Plaintiffs' claims be dismissed.  (ECF No. 24.)

Since the Undersigned issued the Report and Recommendation, however, it has come to the Court's attention that Plaintiffs are no longer pretrial detainees at the Muskingum County Jail.  For example, on April 8, 2022, Plaintiff Barker advised the Court that Plaintiffs "are in different facilities."  (ECF No. 27.)  Then, on May 23, 2022, Plaintiff Barker further advised the Court that he had been transferred to the Belmont Correctional Institution.  (ECF No. 32.)  Accordingly, on June 2, 2022, the Court directed Plaintiffs to apprise the Court of their current addresses.  (ECF No. 34.)  On June 15, 2022, Plaintiff Barker confirmed that he currently resides at Belmont Correctional Institution, and requested that the Court accept untimely objections to

the Undersigned's March 21, 2022 Report and Recommendation given Plaintiff Barker's inability to obtain Plaintiff Morrow's signature. (ECF No. 35.) Then, on June 21, 2022, the Court received notification that mail sent by the Clerk to Plaintiff Morrow was returned undeliverable with the label "RETURN TO SENDER – NOT DELIVERABLE AS ADDRESSED – UNABLE TO FORWARD" and "RTS." (ECF No. 37.) The Court therefore concludes that Plaintiff Morrow is no longer at the Muskingum County Jail.

As explained below, Plaintiffs' intervening transfers have rendered their claims for injunctive relief moot. Accordingly, in addition to the Undersigned's recommendations previously set forth in the March 21, 2022 Report and Recommendation, ECF No. 24, it is **FURTHER RECOMMENDED** that the Court **DISMISS** Plaintiffs' claims for injunctive relief **WITHOUT PREJUDICE AS MOOT**.

## I.

The Court properly raises the jurisdictional issue of mootness *sua sponte*. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions . . . .") (internal quotations marks and citations omitted); *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993) ("Questions of jurisdiction are fundamental matters which [a court] may review sua sponte.").

Article III of the United States Constitution limits a federal court's exercise of judicial power to actual, ongoing "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. Article III's case-or-controversy requirement subsists throughout all stages of the litigation. *U.S. v. Juvenile Male*, 131 S.Ct. 2860, 2864 (2011) ("It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is

filed.") (internal quotation marks and citation omitted). The doctrine of mootness is a corollary of Article III's case-or-controversy requirement. "The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction." 15 Moore's Federal Practice - Civil § 101.90 (2022).

When an inmate files suit against prison officials at the institution of his incarceration based upon those officials' wrongful conduct seeking declaratory and injunctive relief and that inmate is subsequently transferred or released, courts routinely dismiss the declaratory and injunctive relief claims as moot. *Sossamon v. Texas*, 131 S.Ct. 1651, 1669–70 (2011) (citations omitted) (Sotomayor, J., dissenting) ("A number of . . . suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits."); *see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that inmate's claims for declaratory and injunctive relief were rendered moot upon inmate's transfer from the prison about which he complained); *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (inmate's request for injunctive relief mooted upon transfer from relevant prison); *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) (same). This is because an inmate's transfer or release ends the alleged violations of his or her constitutional rights, which "render[s] the court unable to grant the requested relief." *Berger*, 983 F.2d at 724 (internal quotations marks and citations omitted); *Fredette v. Hemingway*, 65 F. A'ppx 929, 931 (6th Cir. 2003) (concluding that an inmate's request for injunctive relief to prevent his transfer to another prison became moot upon the inmate's subsequent transfer because "the district court was unable to grant the relief requested").

3

"There is . . . an exception to the mootness doctrine for claims that are capable of repetition, yet evade review." *Fredette*, 65 F. A'ppx at 931. This narrow, capable-of-repetition exception is limited to situations in which "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration" *and* "there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id*. (internal quotation marks and citations omitted).

## II.

Applying the foregoing principles to the instant case, the Undersigned concludes that Plaintiffs' claims for injunctive relief are moot. Plaintiffs challenge that while they were pretrial detainees at the Muskingum County Jail, they were subjected to a "strip naked" policy, alleging that "[i]t is a policy and practice in the Muskingum County Jail twice a week in order to exchange for clean linens, inmates strip naked on camera, in front of female Arimark staff and corrections, and stand in line trying to cover with a blanket." (ECF No. 8 at PAGEID # 57; *see also* ECF No. 1-1 at PAGEID # 11.) As detailed above, however, Plaintiffs are no longer pretrial detainees at the Muskingum County Jail. Thus, the Court's entry of equitable relief in Plaintiffs' favor would have no effect on Plaintiffs because they are not subjected to the alleged "strip naked" policy. Put another way, an entry of equitable relief would accomplish nothing. In addition, because Plaintiffs' claims for injunctive relief are specific to the Muskingum County Jail and because there is no reasonable expectation that Plaintiffs will be transferred back to the Muskingum County Jail or that they will be subjected to the same policy outside of the Muskingum County Jail, the capable-of-repetition exception to the mootness doctrine does not apply. It is therefore **RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE AS MOOT** Plaintiffs' claims for injunctive relief.

### III.

Separately, Plaintiff Morrow is **ADVISED** that he has an affirmative duty to notify the Court of any change in address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* Plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *Waddell v. Bennett*, No. 1:15-cv-130, 2015 WL 5562311, at *1 (S.D. Ohio Sept. 22, 2015) ("The Court notes, however, that though such notice was served upon Plaintiff, it was returned to the Court due to Plaintiff's failure to apprise the Court of his change of address. By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action."); S.D. Ohio Guide for *Pro Se* Civil Litigants, p. 14 ("[I]f your address or phone number changes, you must promptly notify the Court, in writing, of your new contact information."); *cf. Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend.").

Accordingly, if he intends to proceed with this action, Plaintiff Morrow is **DIRECTED** to file a written status report that includes his new address within **FOURTEEN (14) DAYS** of the date of this Order. Failure to do so may result in Plaintiff Morrow's claims being dismissed for failure to prosecute. *See Lee v. Hill*, No. 1:18-cv-00726, 2019 WL 2075958, at *1 (S.D. Ohio May 10, 2019) (dismissing with prejudice pursuant to Federal Rule of Civil Procedure 41(b) where inmate released from custody "failed to keep the Court apprised of her current address since her release"); *Waddell v. Bennett*, No. 1:15-cv-130, 2015 WL 5579915, at *2 (S.D. Ohio Aug. 31, 2015) ("Without such basic information as a current address from a would-be plaintiff, a court has no recourse but to dismiss a complaint for failure to prosecute."), *report and*

*recommendation adopted by* 2015 WL 5562311 (S.D. Ohio Sept. 22, 2015); S.D. Ohio Guide for *Pro Se* Civil Litigants, p. 14 ("**If you fail to keep the Court informed of your current address/telephone number, your case may be dismissed for lack of prosecution**." (emphasis in original)).

## IV.

In sum, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE AS MOOT** Plaintiffs' claims for injunctive relief.

Additionally, Plaintiff Morrow is **DIRECTED** to file a written status report that includes his new address within **FOURTEEN (14) DAYS** of the date of this Order. The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff Morrow at his last known address listed on the docket:

> Michael Morrow
> 28 N. 4th Street
> Zanesville, OH 43701

Finally, Plaintiff Barker's request to file an untimely objection to the Undersigned's Report and Recommendation, ECF No. 35, is **GRANTED**. Plaintiff Barker shall have **FOURTEEN (14) DAYS** to file any objections to the Undersigned's March 21, 2022 Report and Recommendation, ECF No. 24, together with any objections to this Report and Recommendation[1], the procedure for which follows:

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and

---

[1] Under the circumstances, Plaintiff Barker **NEED NOT** obtain the signature of Plaintiff Morrow to file his objections.

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal….") (citation omitted).

    **IT IS SO ORDERED**.


Date: June 23, 2022             /s/ *Elizabeth A. Preston Deavers*
                                                 ELIZABETH A. PRESTON DEAVERS
                                                 UNITED STATES MAGISTRATE JUDGE