UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DUSTIN BARKER,** *et al.*,

        **Plaintiffs,**    :

  v.

**MUSKINGUM COUNTY JAIL,** *et al.*,    :

        **Defendants.**

**Case No. 2:21-cv-4987**
**Judge Sarah D. Morrison**
**Magistrate Judge Elizabeth A. Preston Deavers**

### ORDER

Before the Court are the Magistrate Judge's Order and Initial Screen Report and Recommendation filed March 21, 2022 ("March R&R", ECF No. 24) and Order and Report and Recommendation filed June 23, 2022 ("June R&R", ECF No. 38). Plaintiff Dustin Barker objects to both. (ECF No. 40.) The following motions filed by Plaintiff Barker are also pending: Motion for Discovery (ECF No. 33), First Motion for *de novo* Review of Requests to Add Additional Defendants and Supplemental Claims (ECF No. 41), and Second Motion for *de novo* Review of Events at Muskingum County Jail (ECF No. 42).

In the March R&R, the Magistrate Judge recommended Plaintiffs Barker and Michael Morrow be permitted to pursue their claim arising from Defendant Muskingum County's alleged "strip naked" policy, but that the remainder of Plaintiffs' claim be dismissed. (ECF No. 24.) Notice of the Report and Recommendation was mailed to the Plaintiffs, but Plaintiff Barker's notice was returned as undeliverable. (ECF No. 25.) The Magistrate Judge directed Plaintiff

Barker to file a written status report with his new address. (ECF No. 26.) That order was also returned as undeliverable (ECF No. 30), but Plaintiff Barker nevertheless updated his address and notified the Court that Plaintiffs "are in different facilities" (ECF No. 27).

On May 23, 2022, Plaintiff Barker advised the Court that he had been transferred to Belmont Correctional Institution. (ECF No. 32.) The Magistrate Judge directed Plaintiffs to apprise the Court of their current addresses. (ECF No. 34.) Plaintiff Barker confirmed that he currently resides at Belmont Correctional Institution and requested the Court allow him to file an untimely objection to the March R&R, explaining he was unable to obtain Plaintiff Morrow's signature. (ECF No. 35.) On June 21, 2022, the Court received notice that Plaintiff Morrow's mail was returned as undeliverable. (ECF No. 37.)

Given that Plaintiff Morrow's mail was returned, the Magistrate Judge concluded Plaintiff Morrow was no longer at Muskingum County Jail. (ECF No. 38.) In the June R&R, the Magistrate Judge recommended that given Plaintiffs' intervening transfers, their claim for injunctive relief related to the alleged "strip naked" policy was rendered moot and should be dismissed without prejudice. (ECF No. 38.) The Magistrate Judge advised Plaintiff Morrow that he has an affirmative duty to notify the Court of any change in address and failure to do so may result in his claims being dismissed for failure to prosecute. (*Id.* PageID 194.) The Magistrate Judge directed Plaintiff Morrow to file a written status report including his new address within fourteen days of the June R&R. (*Id.*) Finally, the Magistrate Judge granted Plaintiff Barker's request to file an untimely objection to the March R&R

2

and explained Plaintiff Barker need not obtain the signature of Plaintiff Morrow to file his objections. (ECF Nos. 35, 38.)

Plaintiff Morrow has failed to apprise the Court of his current address, despite the Court's orders and his affirmative duty to do so. (ECF Nos. 34, 38); *see Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* Plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); S.D. Ohio Guide for *Pro Se* Civil Litigants, p. 14 ("[I]f your address or phone number changes, you must promptly notify the Court, in writing, of your new contact information."). Given this deficiency after multiple warnings, Plaintiff Morrow's claims are **DISMISSED WITH PREJUDICE** for failure to prosecute. *Lee v. Hill*, No. 1:18-CV-00726, 2019 WL 2075958, at *1 (S.D. Ohio May 10, 2019) (dismissing with prejudice pursuant to Federal Rule of Civil Procedure 41(b) where inmate released from custody "failed to keep the Court apprised of her current address").

Plaintiff Barker makes several arguments in his timely-filed objection. (ECF No. 40.) In two motions filed simultaneously with his objection, he also requests "*de novo* review of the case in general in the interest of justice" and "*de novo* review" of additional allegations related to the "strip naked" policy. (ECF Nos. 41, 42.) The Court will construe these arguments as objections.

If a party objects to an R&R, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon

review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has reviewed the March R&R, June R&R, and Plaintiff Barker's objections. The issues raised by Plaintiff Barker have been correctly addressed by the Magistrate Judge. The Court addresses a few of Plaintiff Barker's arguments to provide additional clarity.

Plaintiff Barker argues his claim for injunctive relief is not moot because he has "a pending appeal and petition for post-conviction relief so there's reasonable cause to believe [he] could be returned to the Muskingum County and subjected to the same cruel treatment." (ECF No. 40.) Liberally construed, Plaintiff Barker argues the capable of repetition, yet evading review exception to the mootness doctrine applies. He fails, however, to provide any details about his pending appeal and petition for post-conviction relief, and why he might return to Muskingum County as a result of those proceedings. As the Magistrate Judge explains, there must be a reasonable expectation that Plaintiff Barker will be subjected to the alleged "strip naked" policy again (ECF No. 38, PageID 192); Plaintiff Barker fails to provide argument or evidence supporting his capable of repetition contention.

In his objection and motions, Plaintiff Barker argues deficiencies to his pleading will be cured through discovery. (ECF No. 40, PageID 206 ("I will show in discovery through the grievance procedure"); ECF No. 41, PageID 209 ("I'd also . . . request discovery in order to start the proceedings"). In order to be entitled to discovery, however, he must overcome preliminary litigation barriers; in this case,

4

those barriers are presented by 28 U.S.C. § 1915 and the mootness doctrine. Plaintiff Barker has not defeated these barriers.

Plaintiff Barker's objections are **OVERRULED**. (ECF Nos. 40, 41, 42.) The March R&R and June R&R are **ADOPTED** and **AFFIRMED**. (ECF Nos. 24, 38.) Plaintiffs' claims are **DISMISSED WITH PREJUDICE**, except Plaintiff Barker's injunctive relief claim which is **DISMISSED WITHOUT PREJUDICE AS MOOT**. Plaintiff Barker's motions for the appointment of counsel (ECF Nos. 2, 3, 6) are **DENIED WITHOUT PREJUDICE TO RENEWAL**. Finally, the following motions by Plaintiff Barker are **DENIED**: Motion for Discovery (ECF No. 33), First Motion for *de novo* Review of Requests to Add Additional Defendants and Supplemental Claims (ECF No. 41), and Second Motion for *de novo* Review of Events at Muskingum County Jail (ECF No. 42). The Clerk shall terminate this case from the Court's docket.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**